## Grant v. Grant

*Thomas I. Myers,* for plaintiff.

SHUGHART, P. J., October 27, 1966.—The complaint in this divorce action avers that defendant is a resident of Saigon, Viet Nam and that he never resided in this Commonwealth. Service was attempted by sending a

copy of the complaint to defendant by registered mail pursuant to Pennsylvania Rule of Civil Procedure 1124(a) (3) (b). This service was invalid. Service on a defendant who is a resident of a foreign country is governed by Pa. R. C. P. 1124(c), which provides for service through diplomatic or consular representatives. Even if this service had been proper, there was no proof of defendant's signature on the return receipt card as required: Godsey v. Godsey, 8 Cumb. 99; Mickley v. Mickley, 6 Adams 26; Kent v. Kent, 37 D. & C. 2d 792, 31 Lehigh 413.

One week after the master was appointed, a power of attorney was filed, in which defendant authorized an attorney to appear in his behalf and accept service of the complaint. The master's report fails to refer to this paper, and it does not appear from the report that an appearance was in fact entered and service of the complaint accepted. If such did occur shortly after the power of attorney was filed, the premature appointment of the master, while improper, did not constitute a fatal defect because no hearing was held until September 19, 1966, or more than two months after the power of attorney was filed.

Since defendant has always been a nonresident of Pennsylvania, the jurisdiction of this court must be predicated on the fact that plaintiff is a resident. Plaintiff testified that she resided along the Pine Road in North Middleton township since the age of four. To our personal knowledge, there is a Pine Road in South Middleton township, but none in North Middleton. At the time of the marriage in Bangkok, Thailand, plaintiff was a stewardess with Pan-American Airlines. At the time of the hearing, plaintiff was staying in Washington, D. C., going to business school and working for the Italian Lines. The testimony is devoid of details as to the "residence" of plaintiff in this country as well as the customary evidence as to voter registration, pay-

ment of taxes and other things that have been held by the courts to be evidence of residence or domicile. See Plank v. Plank, 5 Cumb. 134, 135.

One other matter deserves notice. Notices of the hearings were sent to defendant to addressee only. This is not required, and the practice has been frequently condemned by this court: Nelson v. Nelson, 14 D. & C. 2d 375, 8 Cumb. 118; Hartzell v. Hartzell, 82 D. & C. 104, 3 Cumb. 41.

It is apparent from the foregoing that the present state of the record will not support a finding that this court has jurisdiction over the subject matter, nor over the person of defendant. It is possible that these matters can be cured, and the matter will, therefore, be referred back to the master for further action. Attention is directed to the provisions of local rule 126.

### ORDER OF COURT

And now, October 27, 1966, the appointment of John McCrea, Esquire, as master in the above case is ratified and confirmed as of this date and the matter referred back to said master for further proceedings consistent with the foregoing opinion.